68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Donald L. WATKINS, Petitioner-Appellant,
v.
James D. PURKETT, Respondent-Appellee.
 No. 94-4130.
 United States Court of Appeals, Eighth Circuit.
 Oct. 24, 1995.
 
 Before BOWMAN, BRIGHT, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1991, Donald Watkins pled guilty to two counts of illegal sexual conduct with a young girl. The court sentenced Watkins to ten years imprisonment. The court then suspended execution of the sentence and placed Watkins on five years' probation. Less than a year later, the original victim of the crimes informed a police officer that Watkins had again sexually molested her. The original sentencing court conducted a probation revocation hearing at which Watkins was represented by appointed counsel. Based largely on the testimony of the child victim, the court revoked its order of probation and ordered Watkins to serve his original ten year sentence.
 
 
 2
 After his petitions for writ of habeas corpus were denied by the Missouri State court, Watkins filed a habeas petition in the United States District Court for the Eastern District of Missouri under 28 U.S.C. Sec. 2254. The district court[1] dismissed the petition. Watkins appeals asserting that (1) the state court violated his right to confrontation by taking "judicial notice" of the court file and the probation violation report; (2) the state violated his right to due process by failing to disclose evidence material to innocence and impeachment; and (3) he was denied effective assistance of counsel because his appointed counsel failed to call certain witnesses. We affirm.
 
 
 3
 Watkins argues that the parole revocation court violated his right to confront adverse witnesses by taking "judicial notice" of the court file and the probation violation report. At the parole revocation hearing, the court stated that it was taking judicial notice of the file and of the violation report "as a record and not necessarily for what it contains." With this statement by the court, appellant's claims fall. Nothing in the record establishes that in the parole revocation, the state judge relied on recitations of facts in the file. Rather, the evidence presented to the state court consisted of presentations of live testimony which supported revocation of parole.
 
 
 4
 Watkins alleges that the state failed to turn over exculpatory information and evidence that would have allowed him to impeach the testimony of witnesses. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that in a criminal proceeding, the prosecution may not suppress material evidence which is favorable to the accused. We agree with the district court that Watkins has not referred to any evidence which was withheld or suppressed or which would have made any difference in the court's determination.
 
 
 5
 Finally, in reviewing the record we find unpersuasive Watkins' claim that he was denied effective assistance of counsel.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri